IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEVIE EDWARDS,**               )
                                  )
    Petitioner,   )
                                  )
V.                                )   Civil No. **05-798-JPG**
                                  )
**RANDY DAVIS,**                  )
                                  )
    Respondent.   )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Petitioner Stevie Edwards is before the Court seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, aimed at securing a transfer from the "camp" at the United States Penitentiary, in Marion, Illinois, to a community corrections center. **(Doc. 1)**. Petitioner is, in essence, seeking declaratory and injunctive relief. **(*See* Doc. 3, p. 1 summarizing claims).** The respondent warden has filed a response. **(Doc. 6).** Petitioner requested and was granted an extension of time within which to file a reply, but no reply has ever been filed. **(*See* Docs. 10 and 11).** Respondent has since filed a motion to dismiss the petition due to: (1) petitioner's failure to prosecute by failing to file a reply brief; or (2) because the petition is moot now that petitioner's sentence has expired. **(Doc, 13).** No response to the motion to dismiss has been filed.

1

## Analysis

### Failure to Prosecute

Respondent moves for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b), citing petitioner Edwards' failure to file a reply brief in accordance with the dictates of this Court's order dated February 7, 2006 **(Doc. 7)**. This argument is fatally flawed, in that this Court merely granted petitioner a period within which to file a reply; no reply was mandated. **(Doc. 7).** Therefore, respondent's motion to dismiss due to a failure to prosecute should be denied.

### Mootness

Respondent moves for dismissal of the petition based on the uncontested fact that the incarceration period prescribed in petitioner's sentence has been fully completed. **(*See* Doc. 13, pp. 1-6).**

As a preliminary matter, this Court confirms that challenges to the execution of a sentence are cognizable under 28 U.S.C. § 2241. ***See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).** Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless he is in custody...." **28 U.S.C. § 2241(c)(3).** Petitioner Edwards did file his claim while he was "in custody." Nevertheless, the petition may be moot, which would leave the court without subject matter jurisdiction. The notion of mootness, "derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." ***See D.S.A. v. Circuit Court* Branch 1, 942 F.2d 1143, 1146 n. 2 (7th Cir. 1991) (quoting *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3 (1964)).**

Habeas corpus petitions typically challenge the validity of a conviction or the length of a sentence, where release from custody may not render the petition moot if the inmate continues to suffer collateral consequences that may be redressed by the petition.  ***See generally Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).**  Clearly, the issue of securing a transfer from prison to a community correctional center does not survive under this analysis once the inmate has fully completed his sentence.  A transfer between facilities, the alleged misinterpretation of the transfer statute and failure to follow proper procedures in deciding the transfer request, have no lasting consequences to petitioner.

Analogous to petitioner Edwards' situation, where the duration of the challenged action is relatively brief, the "capable of repetition, yet evading review" doctrine may defeat the assertion of mootness.  In *Weinstein v. Bradford*, 423 U.S. 147 (1975), the Supreme Court explained that the "capable of repetition, yet evading review" doctrine is limited to situations where two elements exist: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.  *Id.* **at 149.**  In this situation, where the petitioner was serving a 40 month sentence, the transfer was sought approximately one month into the sentence, and the habeas petition was filed approximately 22 months into the sentence, the durational requirement is met.  **(*See* Doc. 1, pp. 1 and 8; and Doc 13, p. 4).**  However, there is no reasonable expectation that petitioner will again find himself in the Marion Penitentiary seeking transfer to a community correctional center.  Therefore, in this

situation, the "capable of repetition, yet evading review" doctrine does not defeat the assertion of mootness. Because the issues raised in the petition are moot, the Court lacks subject matter over the petition.

**The Merits of the Petition**

Because this Court has concluded that the issues raised are moot, no further analysis is offered regarding the merits of the petition. In the event the District Court does not adopt this report and recommendation, this Court stands ready to immediately offer a supplemental report and recommendation addressing the merits of the petition.

**Recommendation**

For the aforestated reasons, it is this Court's recommendation that petitioner Edwards' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice, because it is moot in all respects, and for the resulting lack of subject matter jurisdiction.

**DATED: February 12, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 1, 2009**. No extensions of time will be granted.